IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTNEY CARTER HARBOUR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:24-CV-0183-D |
| VS. | § | |
| | § | |
| HEYL TRUCK LINES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising out of a motor vehicle accident, defendant moves to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process and under Rule 12(b)(2) for lack of personal jurisdiction. For the reasons that follow, the court grants the motion under Rule 12(b)(2) and dismisses this action without prejudice by judgment filed today.

I

On March 10, 2023 a person alleged to be an "employee" of defendant Heyl Truck Lines, Inc. ("Heyl") was involved in a motor vehicle collision with plaintiff Courtney Carter Harbour ("Harbour") in Dallas, Texas. Pet. ¶¶ 7-9. Harbour filed the instant lawsuit in county court against Heyl alleging claims for negligence, negligence *per se*, and/or respondeat superior. Heyl removed the suit to this court and now moves to dismiss under Rules 12(b)(5) and 12(b)(2). Harbour has not responded to the motion, which the court is deciding without oral argument.

II

The court need only address Heyl's motion to dismiss for lack of personal jurisdiction. The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over Heyl would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted) (first quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); then quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The defendant's contacts with the forum may support either specific or general

jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines: (1) the defendants' burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in furthering fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

"The district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (footnote omitted).

> When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction.

*Latshaw*, 167 F.3d at 211 (footnotes omitted). "This liberal standard, however, does not require the court to credit conclusory allegations, even if they remain uncontradicted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 2000 WL 35615925, at *2 (N.D. Tex. Sept. 15, 2000) (Fitzwater, J.) (citing *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320,

326 n.16 (5th Cir. 1996)), *aff'd*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam) (affirming, *inter alia*, this conclusion).  Nor is the court limited to considering the facts pleaded in the complaint.  *See Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).  Rather, "the district court may receive any combination of the recognized methods of discovery, including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis." *Tendeka, Inc. v. Glover*, 2014 WL 978308, at *3 (S.D. Tex. Mar. 12, 2014) (Rosenthal, J.) (internal quotation marks omitted).

### III

In her county-court petition, Harbour appears to allege that the court has both specific and general jurisdiction over Heyl.  *See* Pet. ¶ 4 (alleging that Heyl "is a non-resident foreign entity that is doing business in the State of Texas"); *id.* ¶ 10 (alleging that at the time of the collision Heyl's "employee was acting within the course and scope of [his] employment"). But in Harbour's motion to dismiss and supporting affidavit, it denies that the court has any basis to exercise personal jurisdiction over it.  *See* D. Br. 5 (alleging that Heyl has no contacts with Texas and has not purposely availed itself of the privileges of conducting activities in Texas); *id.* at 5-6 (alleging that Heyl is not registered to conduct business in Texas, is not authorized to conduct business in Texas, and does not conduct business in Texas); *id.* at 6 (alleging that "no employee, agent, contractor, or property owne[d] or under the control of [Heyl] was involved in the incident made the basis of this suit.").  In other words, the jurisdictional allegations of plaintiff's county-court petition have been controverted.  Because it is the *uncontroverted* allegations of the petition that are to be taken

as true, *see Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), and because Harbour has not responded to Heyl's motion to dismiss, Harbour has failed to demonstrate a prima facie case of *in personam* jurisdiction (general or specific).

Accordingly, because Harbour has not demonstrated the necessary minimum contacts for personal jurisdiction, the court need not decide any other issues in the *in personam* jurisdiction equation.  Heyl's motion to dismiss is granted, and this action is dismissed without prejudice.

*   *   *

Accordingly, for the reasons explained, the court grants Heyl's motion to dismiss for lack of personal jurisdiction and dismisses this action without prejudice by judgment filed today.

**SO ORDERED**.

March 27, 2024.

_____

SIDNEY A. FITZWATER
SENIOR JUDGE